IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN W. GALIOTTO, | |
| Plaintiff, | |
| vs. | Civil Action No. |
| WESTINGHOUSE ELECTRIC COMPANY WELFARE BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT

AND NOW, comes the Plaintiff, SHAWN W. GALIOTTO, by and through his attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Mr. Shawn Galiotto (hereinafter Plaintiff) is a participant in an employee welfare benefit plan, the Westinghouse Electric Company Welfare Benefit Plan (hereinafter referred to as "The Plan") which is

- 1 -

administered for terms of Long Term Disability benefits by an insurance policy issued by Aetna Life Insurance Company.  The other benefits which are provided directly and ancillary to the Plan, such as Salary Continuation, Health Care benefits and Insurance benefits are exempt from ERISA and are governed by the law of the Commonwealth of Pennsylvania.  The Plan's decision making under the Long Term Disability portion of the case is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long-Term Disability benefits under the Plan.  Specifically, Plaintiff is filing this action to enforce his rights under the Plan for penalties, attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Shawn W. Galiotto resides at 34 Boes Drive, West Newton, Pennsylvania, 15089.

5. Aetna Life Insurance Company, is the Claims Administrator of Long Term Disability claims and is located at 151 Farmington Avenue, Hartford, Connecticut, 06156.

6.	The Westinghouse Electric Company, LLC is a limited liability company organized under the laws of the State of Delaware with a registered office address in the Commonwealth of Pennsylvania at 1000 Westinghouse Drive, Cranberry Township, Butler County, Pennsylvania 16066.

## STATEMENT OF FACTS

7.	The Plaintiff, Shawn Galiotto, was employed by the Defendant as a Machinist from approximately October 2001 through April 4, 2013.

8.	The Plaintiff is a Plan participant in the Westinghouse Electric Company Welfare Benefits Plan insured by the Defendant, Aetna.

9.	On or about April 4, 2013, the Plaintiff was unable to continue his job duties as a Machinist due to medical problems including Chronic Low Back Pain, Left Leg Radiculopathy, Hyperlipidemia, Hypertension, Degenerative Disc Disease and Facet Joint Syndrome.

10.	The Plaintiff has been awarded Social Security Disability benefits.  He became entitled to monthly disability benefits beginning October 2013.

11.	The Plaintiff received Long Term Disability benefits from October 4, 2013 through February 5, 2015.

12.	By letter dated February 5, 2015, the Defendant denied Plaintiff's ongoing benefits indicating he no longer met the Plan's definition of disability as of October 4, 2014.

13.	On July 23, 2015, Plaintiff filed a timely and responsive appeal to Defendant's denial of his claim.

14. By letter dated December 3, 2015, Defendant upheld their decision to deny Plaintiff ongoing benefits. With this denial, Plaintiff exhausted his Administrative Remedies under the Plan.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

15. Paragraphs 1 through 14 are incorporated herein as if set forth at length.

16. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

17. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to the diagnoses and symptoms related to Chronic Low Back Pain, Left Leg Radiculopathy, Hyperlipidemia, Hypertension, Degenerative Disc Disease and Facet Joint Syndrome.

18. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

19. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

20. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

- 5 -

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1)     Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)     Awarding pre and post judgment interests;

(3)     Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   November 13, 2017